Martin, J.
delivered the opinion of the court. Our attention in the decision of this cause is first claimed by several bills of exceptions.
1. The contract between the parties having feeen produced by the plaintiff’s counsel sub* *209 r:be<l and st$}ed by the defendant, and at Hfyfcd by a subscribing witness, and proof '.made the .0,⅜⅞#»*1⅛1¾ of both the defendant and latter being shewn to reside out of ⅛⅜⅜-8⅛¾⅝,: the defendant’s counsel objected to its and the district court overruling ⅞⅛11 of exceptions was taken.
We are of opinion that the district court was correct. The witness being out of the jnrisdic-of the state, his attendance in court could not lie compelled, neither could it be before a commissioner. His testimony, thus affording the best evidence of the execution of the instrument, was not, in the power of the plaintiff, who therefore was for this very reason dispensed fr m producing it. The defendant’s signature, as it was not formally denied, was properly proven by a witness acquainted w ith his handwriting. Clarke’s ex.’s vs. Cochrane, 4 Martin, 360.
2. The next bill of exceptions is to the opinion of the district cour* in ordering the. reading of a report of certain individuals, appointed by the parlies, offered by the plaintiff, for the sole purpose of lessening the credit due to the deposition of one of these indi iduals, examined as a witness for the defendant.
*210 It appears to us that this report,^dtiioiig| was not sworn to, was properly admitted J the purpose of shewing a discrcpajcy ⅛6⅜⅜⅛⅜¾ the statement to which the witniM'®fe| and that in ilie report which he ha&^pSSi /by his signaiure. It is in every «1⅝⅜8^[⅛1⅛⅛⅛.> to prove dect»rations made by «f'Svitness trarv to vvnat lie swears : but the usd'"®-⅝¾⅞1 ' evidence must always be restricted to what was the avowed object of the plaintiff, who otiered it, viz. to lessen tue credit of the w ituess.
3. The third bill was taken to the opinion of the court in sustaining an objec ión of the plainuft’s counsel to the following question put by the defendant to Commodore Patterson, a witness introduced by the former, for the purpose of establishing the soundness of the Vesuvius. “ if y on liau contracted for the purchase of a steam boat, in ail respects sound and in good order, and a boat had been tendered to you, under this contract, with one third of her important timbers, including her lower tuttocks, rotten, would you deem such a boat answering the description in the contract, or being in all respects sound and in good order ?”
"VYe. are not apprized, by any thing on the record, of the nature of the objection to which the district court judged this question liable, and *211 iwe believe it ought to have been answered ; al-%hongh it might perhaps, which we do not-de-termiri'ej^UítVe^heen modified, so as to answer the ⅝⅜ by limiting the supposed, case -o that of .^te^tjjljoatingood order; instead of extending ⅜'& was done, to tiiat of a boat sound and in good order. As this bill, however, was taken by' the defendant, and the aiost favorable answer could not avail , him, the stipulation being for a boat in good order, and not for one sound S|iand in good order, we think it useless to remand the case on this account.
4. A fourth bill was taken by the defendant’s counset on the refusal to swear Charles K. Lawrence, in chief ; this gendeman having on his voire dire declared, that about the 24th of Xo-ve,nber, 1818, he purchased ten shares in the Natchez Steam Boat Company, andexpeced to pay his proportion of the price of the Vesuvius, if this court declared it to have been purchased by that company.
The interest, which this witness has in the present action, was sufficient to repel him. But it was contended that he acquired it, by his own act, after the contract now sued upon was entered into, and consequently that he could no*, by so doing, deprive the defendant of the rigid which he bad to his testimony. The record does not *212 shew wbether|he fact, which he was called uponjl to establish, ivas/an revi or to his acquisition of T the Starrs; although the;''circumstance <f its * date being particularly set forth, raises some-presumption that such is the case. But the bilT'\^ -of exceptions is one of the defendant’s, whose duty it was, if any particular circumstance en-ilied him to the testimony, notwithstanding the interest of the witness, to have made it clearly appear, in order to take the case out of the general rule. This we cannot presume, and are consequently hound to conclude that the d'-drict. c nr! correctly refused to swear, the..witness' in' chief, as the bill does not enable us to say that it erred. We do not, however, wish to he understood-to determine that a wi ness who has ac / ¿red an interest by his own act, since the party vvho offers him had a right to his test! tony, may be sworn : a question which admits of considerable doubt. Phillips on Evidence, ⅛⅛. ¡03.
5. T¡ e last hill is on the refusal to per nit the d lant to offer in evide ce what Samuel A. Bower, a itness introduced by him, ad iieard ti e o»**rk of the stea m boat say. It s.difficult to tea on wual ground he could have been permitted so relate this. Hearsay is not evi seuce.
The plea in abatement appears to us to havo.H- *213 been correctly over idJ^TThe. dt was; ie contract. KTISk. i'* •• stock! aoftt. oit¿é^Sjlj|j$jf0 pftadfilgs to be Phe Nitáhez Steam Boat Company, and, scribed tiife contract. According to the ¿I law of England which is shewn to prevail,in the state of Mississippi, aii the members of ¿⅛ ⅜ unincorporated company are, bptfj|d,.'.as member of ordinary partnerships^iiE&i^l, 6. «’11⅜ have been en ered ⅛ iff contract is clearly shewn into by the authorised agents of the c acting Within the powers delegated to them; and cases are cited ill which a partner orUgent, contracting under his own seal, as the defendant j|did in this case, becomes personally bopnd.
The nature, validity and effects of this contract must be enquired into, according to the laws of the country, in which it was celebrated, even when the delivery of the tiling, or the fact stipulated for, is to take place abroad, i GaVison, 875. Were we to test this case by the laws of this state, still the, defendant wuld he found under a liability, as a member of the company, upon a contract entered into with ids consent. But he shews that, in the state of Mississippi, his plea would prevail on the principle recognised in the use of Rice vs. Shute, viz. that a *214 partners the sued sluoe, may abate the suit naming his co partners.
&K Here hits sqjMibt for and to be administered cases of solidary obligations Jjwhich are the joint and several obligations of the common-law, existing hetweefni partners) the creditor may sue either of hil debtors alone, and is not bound, even on the plea of ^ latter, to bring all or any of .the rest of the co-debtors in court. But it is contended that the act of the legislative council, 1805,'St>, requires, that the petition should contain, the names and residences of all the parties, and that the seventy and odd persons, named by the defendant in his answer, were parties to the contract, and their names not being in the petition, the suit must abate. The act, in.our opinion, requires the insertion, in the petition, of the names and residence of parties to the sui¿ alone, not of the the parties to the contract, on which the suit is grounded.
Partners cannot, by any clause in the partnership contract, alter the joint and several liabili. ty, which the law imposes on them, in favor of those with whom they contract. ,-Watson, 172, ■m.
We cannot admit that the^act.-by which the company was
*215 that the plaintiff g|i|gjj|p|e did not comply with |r|§tby which he ⅞<⅛ by which be bottrSfcS|m t ift ^ood order ; :⅜8¾»1|⅛ ha^^yjjMp^me her head beam broke^^ei; boílef iéÍMrk and a considerable pall' of Séí-main timbers defective or rotten. ,⅞ • -
It is true her head'beam, a considerable piece in the machinery of a steam boaf,was broken and fished. But the plaintiff shews _ thfob*$|fc?>was, by an accident which happened since 'f^^eontract was entered iiito; that, as soon as he heard of it he ordered a new one to be made inJfejfc-York, which was on the way at the tjkne «f Jlktender, was offered to be delivered.#! Us arafinl, has since arrived and has been puf in the Jfjlace of the broken one. If, however, the plaintiff did not shew any thing else, this circumstance would most likely be holden, as a justification on the part of the defendant in refusing the boat. But the plaintiff shews that the defendant was satisfied with the measures taken1 for vprocuring a new beam, and assured the plaintiff that if there were no other deficiency in the boat; this would he waived *216 Had the defeat the insufficier; to have thus wm himself of ought not jject,.thereto. ⅜⅛ such a case', fife pláiut have procured another fie boat on the river. We ther objection cannot prevail.
' It is further contended old and leakv. The age of it appears to be that of the boat, and'the presumption is that the vendees could not well expect a newer one. The witnesses inform us that all boilers leak and lose some steam, and that this does not appear very deficient in this respect. But*, it is ailedged that it was worse than it appeared,.because, befne the examination, the plaintiff, in order to hide its defects, caused, it-to be covered with a thick coat of oil andBLuipnlaafe. It is in evidence that this was tlfHÍe without any order from the plaintiff; that it is done at the end of every voyage, and even oftener, is necessary to guard the iron from the rust, and constitutes a part of what is called putting a boa in good order. Farther, it is in evidence that the ven-dees had a fair opportunity of viewing and ex» amining the boiler before the contMcfr
A conshlenble number of pieces of tin her, which at first appeared to this court as of mate *217 rial importance, are shewn to be defec ive and i . . rotten, but on adose examination ot the testimony,and more mature reflection, they think these first impressions must yield to the depositions of carpenters, masters and owners of snips, examined on this head. These, almost unanimously assert, that notwithstanding the rottenness and defects of these pieces of timber, they consider the boat tobe vihat is understood by a boat in good order. They make a distinction, to which the court has with great reluctance yielded, between a boat in good order and a sound one. They seem to allow the epithet of sound to ships on their first voyage only, and assert that afterwards every ship lias some rotten and defective timber. Yielding, therefore, to the weight of the testimony in this respeci, we are hound to say that the boat was in good order when she was tendered, if we except the absence of the new head beam, which the defendant did not complain of. and which would, he declared, make no difference : and this piece of machinery has since been supplied within the time mentioned. Further, it is in evidence, that the old head beam was in a condition to serve until the arrival of the new.
The contract of sale describes and ascertains *218 the quality of the boat bargained for — a boat in good order : a worse could not have been tendered; a better cannot be insisted upon.
We leave out of view, as we are bound to do, all the conversations and correspondence of the parties before the contract. The conversations cannot affect the literal evidence. Every point started in the correspondence, if it does not, appear in the contract, is abandoned and merged in the written agreement.
The defendant further urges that the plaintiff' ought not to recover, because he has not proven, nor even alledged his capacity and readiness to make the conveyance stipulated for. We think this was unnecessary. He needed not to al-ledge his capacity, for bis own title or conveyance was alone stipulated for. As to his readiness or his actual tender of the conveyance, the conduct of the defendant rendered an allegation or proof of these useless : for the defendant declared his unwillingness that the contract should be carried into effect, so that any further step on the part of the plaintiff was vain and useless., Lex neminem cogit ad vana.
It appears to us that the district court erred in making a deduction of 820,000, a sum greater *219 than that which it is proven would be require-! to repair the boat entirely, by substituting a new piece of timber to every decayed une. The boat was not sold as a new and perfectly sound one. According; to the testimony, the vendees could not expect to find her without some decayed timbers. If the principle that a sound price implies a sound ware was to be understood, as the district court appears to understand it, no vessel could be sold for a sound price after her first voyage: for the witnesses depose that every vessel has some decayed timber after her first voyage.
The contract shews that the vendees were willing to give 65,000 for a boat which they must have known to have decayed timber in her. They stipulated that she should be delivered in good order, and this, on a close examination of the evidence and the best judgment we can form, means only in such a condition as to be fit tobe employed immediately and during a reasonable time, without any repairs, and in this condition was the Vesuvius tendered by the plaintiff.
He is clearly, in our opinion, entitled to receive the price he stipulated for; and we deem ourselves bound to say, he is entitled to recover it from the defendant, not as chairman, as one *220 of the directórs*\nor ⅛8 agent of the company, but as a stockholder, airiember of it. - In unincorporated companies, like in all other partnerships, according to the law of the place where' confrac(- was entered into and the domicil of the defendant, the members are jointly and severally liable : either of them may be coerced for the whole debt, an evil consequence which an act of incorporation can alone prevent, though it cannot remove it.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be aunuiled, avoided and reversed, and this court proceeding to pronounce such a judgment, as in their opini on, ought to have been given in the district court, do order, adjudge and decree that the plaiutiff do recover from the defendant the sum of sixty-five thousand dollars, to be discharged by the payment of fifteen thousand dollars with interest, at the rate of five per cent, a year from the inception of this suit, and the delivery of tiie notes of the Natchez Steam Boat Com.>any for the sum of fifty thousand dollars in four instalments at three, six, nine and twelve tno iths from the nineteenth of February last. But no execution shall issue till the plaintiff shall deliver to the vendees, qr lodge *221 for them ip thecdficp qftheclerk ®f the ,<d|stviot ' ’ . court a conveyance pf the ateam boat Vesuvius, according to the terms of his contract : and it is ordered that the defendant pay costs in both courts. t
See same case, December term.